```
                    UNITED STATES DISTRICT COURT

                    SOUTHERN DISTRICT OF TEXAS

                        MCALLEN DIVISION

UNITED STATES OF AMERICA,     .   CASE NO. 7:23-CR-350
                              .
          PLAINTIFF,          .
                              .
     V.                       .   MCALLEN, TEXAS
                              .   THURSDAY, AUGUST 31, 2023
PEDRO CRUZ ALMEIDA, JUNIOR,   .   02:10 P.M. TO 02:22 P.M.
                              .   02:23 P.M. TO 02:32 P.M.
          DEFENDANT.          .
. . . . . . . . . . . . . . . .
```

**SENTENCING - UNSEALED PORTION ONLY**

**BEFORE THE HONORABLE MICAELA ALVAREZ
UNITED STATES DISTRICT JUDGE**

APPEARANCES:                        SEE NEXT PAGE

ELECTRONIC RECORDING OFFICER: STEPHANIE GARCIA

CASE MANAGER:                       NOT IDENTIFIED

OFFICIAL INTERPETER:                JUDY JENNER
                                    CHRISTINA HELMERICHS

TRANSCRIPTION SERVICE BY:

**TRINITY TRANSCRIPTION SERVICES
1081 Main Street
Surgoinsville, TN 37873
281-782-0802
battshott@aol.com**

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.

**TRINITY TRANSCRIPTION SERVICES**

```
                    UNITED STATES DISTRICT COURT

                    SOUTHERN DISTRICT OF TEXAS

                         MCALLEN DIVISION


UNITED STATES OF AMERICA,        .   CASE NO. 7:23-CR-350
                                 .
            PLAINTIFF,           .
                                 .
        V.                       .   MCALLEN, TEXAS
                                 .   THURSDAY, AUGUST 31, 2023
PEDRO CRUZ ALMEIDA, JUNIOR,      .   02:10 P.M. TO 02:22 P.M.
                                 .   02:23 P.M. TO 02:32 P.M.
            DEFENDANT.           .
. . . . . . . . . . . . . . . . .
```

**SENTENCING - UNSEALED PORTION ONLY**

**BEFORE THE HONORABLE MICAELA ALVAREZ**
**UNITED STATES DISTRICT JUDGE**

Appearances:

**For the GOVERNMENT:**         LEE FRY, ESQ.
                                Assistant United States Attorney
                                Office of the United States
                                  Attorney
                                1701 West Business Highway 83
                                McAllen, TX 78501

**DEFENDANT ALMEIDA, JR.:**     **CHRISTINA L. CONWAY-NAVARRO, ESQ.**
                                Assistant Federal Public Defender
                                Office of the Federal Public
                                  Defender
                                1701 W. Business Highway 83
                                  Suite 450
                                McAllen, TX 78501-5178

Transcription Service:          Cheryl L. Battaglia
                                Trinity Transcription Services
                                1081 Main Street
                                Surgoinsville, TN 37873


                    **TRINITY TRANSCRIPTION SERVICES**

1     **McAllen, Texas; Thursday, August 31, 2023; 02:10 p.m.**

2         **THE COURT:** *Case Number 23-CR-350, Pedro Cruz*
3     *Almeida, Junior.*
4         **MR. FRY:** Good afternoon, your Honor. Lee Fry on
5     behalf of the United States. Present and ready to proceed.
6         **MS. CONWAY-NAVARRO:** Good afternoon, your Honor.
7     Christine Conway-Navarro on behalf of Mr. Almeida, Junior. He
8     is present and ready.
9         **(Pause in the proceeding.)**
10        **THE COURT:** Mr. Almeida, please raise your right hand
11    to be sworn in.
12        **(Defendant sworn.)**
13        **THE COURT:** Mr. Almeida, you are before the Court for
14    sentencing on a charge of smuggling goods from the United
15    States. Do you understand this?
16        **DEFENDANT ALMEIDA, JUNIOR:** Yes.
17        **THE COURT:** Miss Conway, did you receive and review
18    the Presentence Investigation?
19        **MS. CONWAY-NAVARRO:** I did, your Honor.
20        **THE COURT:** And did you review it with your client?
21        **MS. CONWAY-NAVARRO:** I did.
22        **THE COURT:** Mr. Almeida, did you review with your
23    attorney the Presentence Investigation?
24        **DEFENDANT ALMEIDA, JUNIOR:** Yes, your Honor.
25        **THE COURT:** Is there a motion from the Government?

1     **MR, FRY:**  Yes, your Honor.

2            The Government move -- the Government moves for the
3     third point pursuant to acceptance of responsibility.

4            **THE COURT:**  The Court will adopt that recommendation.

5            The Guideline range becomes 46 to 57 months.  Do you
6     understand this, Mr. Almeida?

7            **DEFENDANT ALMEIDA, JUNIOR:**  Yes, your Honor.

8            **THE COURT:**  Miss Conway, is there anything that you
9     wish to say on your client's behalf?

10           **MS. CONWAY-NAVARRO:**  Yes, your Honor.  Thank you.

11           Your Honor, Mr. Almeida stands before you at the very
12    young age of 22 years of age.  When he first got involved in
13    this, he was about maybe 20, 21.  He is quite young.

14           And when you look at his criminal history, well, to
15    be quite frank, he doesn't have any, your Honor.  In my months
16    in representing him he's always expressed a remorse for finding
17    himself here, remorse to his family, to the Government.

18           And he has been on pre-trial release, pending --
19    leading up to today.  He's been compliant while on release.  He
20    has aspirations like many young men do to go to college.

21           To his credit while he has been awaiting sentencing,
22    he has used this time to grow a business.  He started a mens
23    clothing business here in the Medicabo (phonetic) on 23rd
24    Street.  He's been paying rent there monthly, approximately --
25    well, I figure that slips my mind at this -- at this time.

1   Importantly, your Honor, he has expressed wanting to
2   change -- change his life.  And he recognizes that this offense
3   will have grave effect for his future.
4   We did submit to the Court a couple of letters of
5   support.  And I think that in looking at these letters, I know
6   from the -- they're from the same gentlemen.  One speaks to
7   his -- his personality or his characteristics as a -- as an
8   employee.  And the others speak to his character at least
9   personally.
10  Your Honor, I want to make it very clear.  We don't
11  minimize the gravity of this offense.  But we are asking the
12  Court to look at is how young he was when he got involved.  I
13  don't think he was -- or even maybe now is well versed in
14  the -- the ways of the world.
15  I think that he was probably an easy target, given
16  his youth.  And very importantly, your Honor, he did avail
17  himself to the Government.  He made a post-Miranda statement.
18  And more and more, your Honor, you know, we -- we
19  tend to encourage our clients to be truthful, honest,
20  forthcoming.  And unfortunately, it seems as though in his
21  situation it appears to be to his detriment because his honesty
22  from the statements that he's made now are -- are found in --
23  to be used against him unfortunately.
24  I do want to applaud his efforts of being honest and
25  being forthcoming.  So we ask the Court to take that into

consideration.

Your Honor, we do want to highlight a couple of things that we are asking the Court for consideration as to a downward departure. First and foremost, we are asking -- asking, as we typically do in these kinds of cases, for a role adjustment. Only because, your Honor, as the PSR indicates, there were other unindicted co-conspirators that were directing him on the Mexican side.

And while we do not minimize what his role was, we're just asking the Court to see that there are others who are calling the shots, so, you know, no pun intended, calling the shots here, giving him direction, telling him where to go. Have him do this, instructing him. And I believe the word that was used in the PSR was recruiting him.

So we would ask the Court for a ruling as to that matter. And additionally, and very importantly, your Honor, we did struggle a little bit in -- in leading up to today, given the -- the change of the law that's coming up in November.

Mr. Almeida is somebody who would benefit of being a zero point offender. He has no criminal history. And so, we do ask the Court to take that into consideration that he would otherwise be eligible for that reduction because he is -- doesn't have any -- qualify for that new language in 4(c)(1.1).

For all of those reasons -- oh, also importantly, your Honor, the courtroom is filled with his support today.

1 He's got his parents here, his sisters here, all of them are
2 here in support of him. And we -- for all those reasons, we
3 asked the Court to consider a downward departure and the least
4 amount of time possible.
5     **THE COURT:** Thank you.
6     **MS. CONWAY-NAVARRO:** Thank you.
7     **THE COURT:** I'll address the role adjustment now.
8 And then I'll hear from Mr. Almeida and the Government.
9     And the Court does not believe a role adjustment is
10 warranted. I agree with how you assess others here, where that
11 may give them a leadership role, an enhanced role. That
12 doesn't necessarily mean that Mr. Almeida warrants a mitigating
13 role adjustment.
14     So the Court sees Mr. Almeida as being an average
15 participant now. So that request is denied.
16     Mr. Almeida, is there anything that you wish to say?
17   **(Pause in the proceeding.)**
18     **DEFENDANT ALMEIDA, JUNIOR:** I want to apologize to
19 everyone in here, as to you and the Government. I want to --
20 everyone that's here. I'm sorry.
21     **THE COURT:** That's okay. Take your time.
22   **(Pause in the proceeding.)**
23     **DEFENDANT ALMEIDA, JUNIOR:** I want to talk to
24 everyone that's in here for being here today.
25   **(Pause in the proceeding.)**

1  **DEFENDANT ALMEIDA, JUNIOR:** I know what -- I know
2  what I did 3was wrong.
3  **(Pause in the proceeding.)**
4  **DEFENDANT ALMEIDA, JUNIOR:** And --
5  **(Pause in the proceeding.)**
6  **DEFENDANT ALMEIDA, JUNIOR:** I'm sorry.
7  **THE COURT:** All right. No need. Take your time.
8  **(Pause in the proceeding.)**
9  **DEFENDANT ALMEIDA, JUNIOR:** I feel like I could have
10 done more. I could have done better.
11 **(Pause in the proceeding.)**
12 **DEFENDANT ALMEIDA, JUNIOR:** I could have not been
13 there.
14 **(Pause in the proceeding.)**
15 **DEFENDANT ALMEIDA, JUNIOR:** And, I just -- just made
16 a poor decision.
17 **(Pause in the proceeding.)**
18 **DEFENDANT ALMEIDA, JUNIOR:** And --
19 **(Pause in the proceeding.)**
20 **DEFENDANT ALMEIDA, JUNIOR:** -- I know whatever
21 happens, it's -- it's a good decision. It's -- it's going to
22 be good for me whatever happens.
23 **(Pause in the proceeding.)**
24 **DEFENDANT ALMEIDA, JUNIOR:** That would be -- that
25 will be it.

1  **THE COURT:** All right. Thank you.

2  Anything from the Government?

3  **MR, FRY:** Yes, your Honor.

4  The Government wants to emphasize that this is -- the Court's already ruled on the role adjustment. But the Government believes that the seriousness of this offense needs to be addressed from our angle, and that is, this isn't a -- a one-time smuggling attempt. This isn't a one-time purchase of ammunition that a -- a young person might need a -- a lapse in judgment.

11  This occurred over a year. He ordered -- he did this over 30 times. That's 2½ times a month on average. That -- that is quite a bit of ammunition when, even if we look at the smaller of the two events that they involved that we were able to apprehend, we're still talking about 300 rounds of .50 caliber ammunition. This is some of the most serious, the most dangerous ammunition that exists.

18  Additionally, your Honor, we're talking about an individual who was taking a -- a monetary benefit from this, but also someone who was doing this while attending the police academy. And this is just not something the Government is willing to kind of set aside.

23  This is someone who we were hoping, you know, could be trusted within the community when someone is in need of help. And instead, while attending that program, is engaging

1  in very serious criminal conduct, something that was putting
2  very dangerous things in the hands of -- of those in Mexico and
3  here in the United States.
4       And the Government's not saying that he's the one who
5  exported the ammunition.  We know, based on the investigation
6  that's not what happened here.  But he was the one who
7  purchased the ammunition.  He gave it to another with the
8  anticipation that it was going to go out.
9       But even so, can -- the Government has concern with
10 him purchasing the ammunition to give another individual, even
11 if it didn't leave the United States, that it could have stayed
12 in the United States and still been put in the hands of very
13 dangerous criminals.
14      Additionally, your Honor, as noted in Paragraphs 9
15 and 10 of the Presentence Investigation Report, he would also
16 travel to Mexico to require the money.  This, again, is -- is
17 not a -- I'm going to send you a Venmo payment.  Here's $200.
18 Go buy some ammunition.
19      He's doing an active role.  He was very involved in
20 this.  And it occurred over a very lengthy period of time.
21      Additionally, your Honor, the Government does have
22 some concern, essentially, with the -- the disregard of the
23 laws that this individual was doing while, again, being in a
24 position to attempt to uphold those laws and be what we would
25 see, you know, the upstanding police officer.

1    So, your Honor, the Government believes that a
2  sentence at the high end of the current Guideline range is
3  appropriate. We know that 57 months is a long time, especially
4  for someone this young. But we think that the characteristics
5  of this offense, even with no criminal history, make it an
6  aggravating offense.
7    We understand that it's not any enhancements. It --
8  it's -- but we do not believe that the low end appropriate.
9  We're asking for 57 months, your Honor.
10   **THE COURT:** And -- and I have a question. As I was
11 reading through the report, it indicates that he was, I guess,
12 stopped and questioned on the -- on the 3rd of February. At
13 that point in time, apparently he was released. And it said
14 that the investigation continued. And then on the 9th, you
15 know, they seize these others and he arrested.
16   So -- so was the, basically, you know, on the 3rd
17 that ammunition and -- and then on the 9th it's a new purchase
18 between the 3rd and the 9th? Or these are ammunitions that you
19 think he had already acquired and they just don't get seized
20 until the 9th.
21   **MR, FRY:** Your Honor, may we approach?
22   **THE COURT:** You may.
23   **(Counsel approaches the Court.)**
24   **(Begin Sealed Sidebar Conference 2:22:34).**
25   **(End Sealed Sidebar Conference 2:23:57)**

1   **THE COURT:** All right. Thank you for that
2   clarification.
3   Then, Mr. Almeida, the Court does consider all that
4   has been presented here. And -- and I have a question if
5   you're willing to answer it. If you're not, it doesn't harm
6   your case.
7   But -- but you apologized to me. And -- and I would
8   like to ask why you apologized to me.
9   **(Pause in the proceeding.)**
10  **DEFENDANT ALMEIDA, JUNIOR:** Well, if it weren't for
11  me, you wouldn't be here --
12  **THE COURT:** Okay.
13  **DEFENDANT ALMEIDA, JUNIOR:** -- spending time with me.
14  **THE COURT:** Okay. Well, that's true I wouldn't be
15  with you, but I'd be with somebody else.
16  But -- but the reason I asked is this, Mr. Almeida,
17  I -- and have -- that's something that comes up a lot. People
18  will apologize to -- to -- to the Court and sometimes they'll
19  say like I apologize to the Court. Sometimes they'll say they
20  apologize to me personally. I'm going to be here -- well,
21  maybe -- maybe I won't actually be here for a while because I'm
22  at a different stage in -- in life.
23  But -- but, basically, a judge is going to be here
24  taking care of this no matter what. But I ask it because I
25  always feel like -- believe that apologies should go to those

1  people that are harmed by the criminal conduct.  You know, I --
2  to the extent that I'm a member of this community, yes, I can
3  be harmed by the criminal conduct.
4  But this is -- this is my job.  And this is what I
5  do.  And so I'm going to be doing it no matter what.  May not
6  be with you, maybe with others, may not be always criminal
7  cases.  It may be civil cases.  But it's -- it's, you know, my
8  profession.
9  But think about the people that are harmed by the
10  criminal conduct.  You apparently got away with this for quite
11  some time before you were apprehended here.  And all of that
12  ammunition was going into Mexico.
13  You know, because you live here, of some of the
14  violence that goes on in Mexico with the cartels.  And -- and
15  maybe not everyone of these rounds wound with up the cartels.
16  But when we're looking at this volume of ammunition and this
17  type of ammunition, it's very likely that that's where it wound
18  up.
19  And people are threatened.  People are injured.  And
20  people are killed by the cartels.  Sometimes there are others
21  involved in the drug trafficking.  But often they are not.  And
22  all of those people are the ones that end up suffering because
23  of what happened here.
24  And -- and then, Mr. Almeida, I think that sometimes,
25  you know, sort of the forgotten -- the, I guess, they should be

recipients of the apologies, not so much the Court itself.

And your family, certainly they're going to -- to suffer some because of your, you know, crime and especially if you end up in prison for any period of time.

But again, that's, I think, a different suffering than those people who end up, you know, suffering because of this ammunition being successfully taken into Mexico.

I know that you're not the only one. I know that this is going to go on after you no matter what. But I feel strongly, Mr. Almeida, that it's something that has to be taken into account. Because I do firmly believe that people often don't really stop to think about their -- their wrongfulness of their conduct until they personally are facing the consequences.

And in your case, I think it's especially true because, apparently, this went on for, you know, about a year and on many occasions here.

And -- and I, like the Government, am very troubled by the fact that you were attending the police academy while you are doing this. And -- and, you know, we -- we have sadly a problem with corruption in our law enforcement communities because of what opportunities they have along the border.

It's not widespread. I think that in most part, most of our law enforcement members are good, ethical, law-abiding people. But even just one or two taint the whole system. And

if -- if it gets more widespread, then we become no different than Mexico. Because that is a big problem in Mexico.

So it troubles me particularly that you're, you know, in training to be a law enforcement officer and at the very same time disregarding the very laws that -- that you should be, you know, upholding.

The Court does consider all that. I also recognize what Miss Conway touched on, that come November there are going to be some changes to the Guidelines that would impact your case if you were being sentenced after November.

I've mentioned this before, and I'll mention it again. I'm not a fan of the new amendments. I will deal with them once they come about. My -- I know I have discretion to sentence you to something less than what the Guidelines provide. So it's not that I don't think I can do so. I am always cognizant of the fact that if I think a Guideline range is too high, and provided that there is no mandatory minimum, that I can sentence to anything that I think is appropriate.

But in your case, I'm more inclined to -- to adopt the Government's view here, you know, that a Guideline sentence is appropriate. I'm not convinced that it's necessary to sentence you at the high end of the Guideline range. But I do believe that something other than just the low end of the Guideline range is necessary for, basically, some of the reasons that I've touched on already, that this was not a

1  one -- one time offense, but it happened on, by your own
2  admission, some 30-some occasions, or at least 30.
3      And that, as I said, you know, you were at the time
4  studying to be a law enforcement officer.  I think that plays
5  some part here as well.
6      The Court is going to sentence you, Mr. Almeida, to a
7  term of 50 months in custody.  I am also imposing a three year
8  term of supervised release.  While you're under supervision,
9  you're not to commit another federal, state, or local crime.
10     You are to comply with the standard conditions
11 adopted by the Court.  Additionally, you're not to possess a
12 firearm, ammunition, destructive device, or any other dangerous
13 weapon.
14     You are to cooperate in the collection of a DNA
15 sample.  The Court finds you do not have the ability to pay a
16 fine and will waive the fine.
17     And is there still a forfeiture issue in this case?
18     **MR, FRY:**  I believe there is, your Honor.  I'm moving
19 for that.  But I believe the preliminary order may have already
20 been filed.  If not, the Government can provide it.
21     **THE COURT:**  Miss Conway looks puzzled.
22     **MS. CONWAY-NAVARRO:**  I --
23   **(Counsel confers off the record.)**
24     **THE COURT:**  Is?
25     **MR, FRY:**  Your Honor, I will address it with Miss

1 Conway if we need additional paperwork filed. I'll file the
2 appropriate paperwork with the Court --
3     **THE COURT:** Okay.
4     **MR, FRY:** -- if that would be --
5     **THE COURT:** Okay.
6     **MR, FRY:** -- appropriate.
7     **THE COURT:** Okay. Do it -- do it that way.
8     Okay. And, Mr. Almeida, you do have the right to
9 appeal. If you wish to appeal, you need to advise your
10 attorney. That appeal needs to be filed within 14 days.
11     If you cannot afford an appeal, you may file for *in
12 forma pauperus*, in which case, the Clerk will file your notice
13 of appeal and the Court will appoint appellate counsel.
14     And then Mr. Almeida has been out on bond. Does --
15     **MS. CONWAY-NAVARRO:** Yes, your Honor. We would ask
16 the Court to consider to allow him to self-surrender.
17     **THE COURT:** All right. I will be waiting to hear
18 from the Government.
19     I will tell you that I have some concerns, in light
20 of the fact that he was going to Mexico regularly in connection
21 with this, but I'll hear from the Government and see what your
22 position is.
23     **MR, FRY:** Yes, your Honor. The Government -- we have
24 no opposition, necessarily, to him remaining out on bond. But
25 we would ask that it be a very, very brief period of time.

1  **THE COURT:** Okay.

2  **MR, FRY:** Whether it be one week --

3  **THE COURT:** Okay.

4  **MR, FRY:** -- or a few days --

5  **THE COURT:** Okay.

6  **MR, FRY:** -- but we understand that those

7  distinctions are -- are minor. We -- we defer to the Court.

8  But we do believe that if he's released out on bond,

9  it be for a very, very short period of time.

10  **THE COURT:** And Miss Conway, is there a specific

11  reason why you think he needs some time before he surrenders?

12  **MS. CONWAY-NAVARRO:** Your Honor, simply just to tie

13  his affairs in order.

14  **THE COURT:** Uh-huh.

15  **MS. CONWAY-NAVARRO:** I do, you know, to his credit,

16  he's been compliant, hasn't had any trouble while out on

17  release this entire time. And has -- remains in good contact

18  with his pretrial officers. So we would just ask the Court to

19  afford him some time to be out.

20  **THE COURT:** Okay. I understand the request. You

21  know, I think this is a situation that's a little different

22  from some where the Court has granted the request where they

23  have, you know, children that they maybe -- or taking care of

24  parents. I don't see anything here that Mr. Almeida couldn't

25  have done before today.

1    So the Court is denying that request and ordering
2 that he be taken into custody as of today.
3    **MS. CONWAY-NAVARRO:** Yes, your Honor.  Thank you.
4    **THE COURT:** Okay.  The Court also overlooked
5 assessing the $100 Special Assessment, which you are ordered to
6 pay, Mr. Almeida.
7    **MS. CONWAY-NAVARRO:** Then your Honor, may I speak
8 with him?
9    **THE COURT:** You may.
10    **MS. CONWAY-NAVARRO:** Thank you.
11    **THE COURT:** Thank you.
12    **(This proceeding was adjourned at 02:32 p.m.)**
13
14
15                          CERTIFICATION
16
17 I certify that the foregoing is a correct transcript from the
18 electronic sound recording of the proceedings in the above-
19 entitled matter.
20
21   /s/ *Cheryl L. Battaglia*                    November 14, 2023
22        Transcriber                                   Date
23 7:23-CR-350
24 08/31/23 - 11/14/23